Martin F. Casey (MFC-1415)
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiffs

08 CV 5720

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MUND & FESTER GMBH & CO.KG a/s/o
AGRICOLA VINASOL SOCIEDAD ANONIMA
and AGRICOLA VINASOL SOCIEDAD
ANONIMA,

      Plaintiffs,

- against -

AMERICAN PRESIDENT LINES, LTD.

      Defendant.
------------------------------------------------------------X

2008 Civ.

**COMPLAINT**



    Plaintiffs, by their attorneys, CASEY & BARNETT, LLC, for their Complaint, alleges upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

    2.    At all material times, MUND & FESTER GMBH & CO.KG (hereinafter "M&F") was and is a foreign corporation with an office and place of business located at Trostbrucke 4 20457 Hamburg, Germany and is the subrogated underwriter of Agricola Vinsaol Sociedad Anonima in regard to various consignments of fresh snow and snap peas loaded into 10 separate containers and laden on board either the M/V APL BALBOA, the M/V MOL BRASILIA or the M/V APL MENDOZA, as more fully described below.

3. At all material times, AGRICOLA VINASOL SOCIEDAD ANONIMA (hereinafter "AVSA") was and is a business entity with an office and place of business located at Calle Maria Isabel del Pino 137, Urb. Las Casuarinas, San Vicente de Canete, Canete, Lima, Peru and was the shipper, owner and/or assured of the consignments hereinbelow described.

4. At all material times, defendant, AMERICAN PRESIDENT LINES, LTD. (hereinafter "APL") was and still is a business entity duly organized and existing under the laws of a foreign state, with a place of business located at 116 Inverness Dr. E. Suite 400, Englewood, Colorado, 80112, and was and still is doing business in this jurisdiction and at all relevant times acted in the capacity of a common carrier of goods by water.

5. Plaintiffs bring this action on their own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

## AS FOR A FIRST CAUSE OF ACTION – M/V APL BALBOA

6. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 5 inclusive, as if herein set forth at length.

7. On or about November 1, 2006, two consignments, each consisting of 3,200 boxes of fresh snow peas and snap peas, laden into container numbers APRU 503739-6 and APRU 506924-3, then being in good order and condition, were delivered to APL and the M/V APL BALBOA at the port of Callao, Peru for transportation to Pompano Beach, Florida, U.S.A., via transshipment at the port of Miami, Florida, U.S.A. in consideration of an agreed freight and pursuant to APL bill of lading number APLU 900032675 dated November 1, 2006.

8. Thereafter, the aforementioned consignments were loaded aboard the M/V APL BALBOA, APL bill of lading number APLU 900032675 was issued, and the vessel sailed for the intended port of destination.

9. On or about November 14, 2006 the two consignments arrived at Pompano Beach, Florida, U.S.A. and upon discharge it was discovered that the consignments were not in the same good order and condition as when received by the Defendant, but instead had suffered physical damage during transit.

10. The damage to the aforementioned cargoes was not the result of any act or omission of the Plaintiffs but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage and bailment on the part of the Defendant.

11. Plaintiffs sustained damages in the amount of $65,000.00, no part of which has been paid, although duly demanded.

## AS FOR A SECOND CAUSE OF ACTION – M/V MOL BRASILIA

12. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 11 inclusive, as if herein set forth at length.

13. On or about October 27, 2006, four consignments, each consisting of 3,680 boxes of fresh snow peas and snap peas, and laden into container numbers APRU 503225-0, APRU 5041591-1, APRU 503732-8, and APRU 504354-7, then being in good order and condition, were delivered to APL and the M/V MOL BRASILIA at the port of Callao, Peru for transportation to Pompano Beach, Florida, U.S.A., via transshipment at the port of Miami, Florida, U.S.A. in consideration of an agreed freight and pursuant to APL bill of lading number APLU 900032594 dated October 27, 2006.

14. Thereafter, the aforementioned consignments were loaded aboard the M/V MOL BRASILIA, APL bill of lading number APLU 900032594 was issued, and the vessel sailed for the intended port of destination.

15. On or about November 8, 2006 the four consignments arrived at Pompano Beach, Florida, U.S.A. and upon discharge it was discovered that the consignments were not in the same good order and condition as when received by the Defendant, but instead had suffered physical damage during transit.

16. The damage to the aforementioned cargoes was not the result of any act or omission of the Plaintiffs but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage and bailment on the part of the Defendant.

17. Plaintiffs sustained damages in the amount of $160,000.00, no part of which has been paid, although duly demanded.

## AS FOR A THIRD CAUSE OF ACTION - M/V APL MENDOZA

18. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 17 inclusive, as if herein set forth at length.

19. On or about October 18, 2006, three consignments, each consisting of 3,680 boxes of fresh snow peas and snap peas, and laden into container numbers APRU 505451-5, APRU 503771-3 and APRU 506452-9, and one consignment consisting of 3,304 boxes of fresh snow peas and snap peas laden into container number APRU 509907-9, then being in good order and condition, were delivered to APL and the M/V APL MENDOZA at the port of Callao, Peru for transportation to Pompano Beach, Florida, U.S.A., via transshipment at the port of Miami, Florida, U.S.A. in consideration of an agreed freight and pursuant to APL bill of lading number APLU 900032505 dated October 18, 2006.

4

20. Thereafter, the aforementioned consignment was loaded aboard the M/V APL MENDOZA, APL bill of lading number APLU 900032505 was issued, and the vessel sailed for the intended port of destination.

21. On or about October 30, 2006 the consignments arrived at Pompano Beach, Florida, U.S.A. and upon discharge it was discovered that the consignments were not in the same good order and condition as when received by the Defendant, but instead had suffered physical damage during transit.

22. The damage to the aforementioned cargoes was not the result of any act or omission of the Plaintiffs but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage and bailment on the part of the Defendant.

23. Plaintiffs sustained damages in the amount of $202,000.00, no part of which has been paid, although duly demanded.

WHEREFORE, Plaintiffs pray:

1. That process in due form may issue against Defendant citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiffs against Defendant for the amount of Plaintiffs' damages, together with interest and costs and the disbursements of this action; and

3. That this Court grant to Plaintiffs such other and further relief as may be just and proper.

Dated: New York, New York
      June 25, 2008
      292-01

                        CASEY & BARNETT, LLC
                        Attorneys for Plaintiffs

By: _____
     Martin F. Casey (MFC-1415)
     317 Madison Avenue, 21st Floor
     New York, New York 10017
     (212) 286-0225