James H. Hohenstein
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
Telephone: (212) 513-3200
Telefax: (212) 385-9010
Email: jim.hohenstein@hklaw.com
       lissa.schaupp@hklaw.com

Attorneys for Defendant,
AMERICAN PRESIDENT LINES, LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUND & FESTER GMBH & CO.KG a/s/o AGRICOLA VINASOL SOCIEDAD ANONIMA and AGRICOLA VINASOL SOCIEDAD ANONIMA,<br><br>Plaintiffs,<br><br>-against-<br><br>AMERICAN PRESIDENT LINES, LTD.,<br><br>Defendant. | 08 Civ. 5720 (MGC)<br><br>**ANSWER** |

NOW COMES Defendant, American President Lines, Ltd. ("APL"), by and through its attorneys, Holland & Knight LLP, answering the Complaint of Plaintiffs Mund & Fester GmbH Co.Kg ("M&F") as subrogee of Agricola Vinasol Sociedad Anonima ("AVSA") and AVSA (collectively, "Plaintiffs"), and respectfully states upon information and belief:

1.  Admits the allegations set forth in paragraph "1" of the Complaint.

2.  Admits that various consignments of fresh snow and snap peas loaded into containers were loaded on board either the M/V APL BALBOA, M/V MOL BRASILIA, or the

M/V APL MENDOZA. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "2" of the Complaint.

3.   Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "3" of the Complaint.

4.   Admits the allegations set forth in paragraph "4" of the Complaint.

5.   Denies that Plaintiffs are entitled to maintain this action. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "5" of the Complaint.

### AS FOR PLAINTIFFS' FIRST CAUSE OF ACTION – M/V APL BALBOA

6.   With respect to paragraph "6" of the Complaint, APL repeats, reiterates and realleages each and every denial in paragraphs "1" through "5" of this Answer with the same force and effect as if fully set forth herein.

7.   Denies that the consignments of fresh snow peas and snap peas were delivered to APL in good order and condition. Admits the remaining allegations set forth in paragraph "7" of the Complaint.

8.   Admits the allegations set forth in paragraph "8" of the Complaint.

9.   Admits that the consignments arrived in Pompano Beach, Florida, U.S.A. Denies that the consignments suffered physical damage during transit. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "9" of the Complaint.

10.   Denies the allegations set forth in paragraph "10" of the Complaint.

11.   Admits the APL has not paid Plaintiffs $65,000.00. Denies the remaining allegations in paragraph "11" of the Complaint.

## AS FOR PLAINTIFFS' SECOND CAUSE OF ACTION – M/V MOL BRASILIA

12. With respect to paragraph "12" of the Complaint, APL repeats, reiterates and realleages each and every denial in paragraphs "1" through "11" of this Answer with the same force and effect as if fully set forth herein.

13. Denies that the consignments of fresh snow peas and snap peas were delivered to APL in good order and condition. Admits the remaining allegations set forth in paragraph "13" of the Complaint.

14. Admits the allegations set forth in paragraph "14" of the Complaint.

15. Admits that the consignments arrived in Pompano Beach, Florida, U.S.A. Denies that the consignments suffered physical damage during transit. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "15" of the Complaint.

16. Denies the allegations set forth in paragraph "16" of the Complaint.

17. Admits the APL has not paid Plaintiffs $160,000.00. Denies the remaining allegations in paragraph "17" of the Complaint.

## AS FOR PLAINTIFFS' THIRD CAUSE OF ACTION – M/V APL MENDOZA

18. With respect to paragraph "18" of the Complaint, APL repeats, reiterates and realleages each and every denial in paragraphs "1" through "17" of this Answer with the same force and effect as if fully set forth herein.

19. Denies that the consignments of fresh snow peas and snap peas were delivered to APL in good order and condition. Admits the remaining allegations set forth in paragraph "19" of the Complaint.

20. Admits the allegations set forth in paragraph "20" of the Complaint.

21.     Admits that the consignments arrived in Pompano Beach, Florida, U.S.A. Denies that the consignments suffered physical damage during transit. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "21" of the Complaint.

22.     Denies the allegations in paragraph "22" of the Complaint.

23.     Admits the APL has not paid Plaintiffs $202,000.00. Denies the remaining allegations in paragraph "23" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

24.     APL alleges, by way of an affirmative defense, that Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

25.     APL alleges, by way of an affirmative defense, that M&F is not the real party in interest.

## THIRD AFFIRMATIVE DEFENSE

26.     APL alleges, by way of an affirmative defense, that AVSA is not the real party in interest.

## FOURTH AFFIRMATIVE DEFENSE

27.     APL alleges, by way of an affirmative defense, that said shipments described in Plaintiffs' Complaint were subject to all the terms, conditions and exceptions contained in bills of lading APLU 900032675, APLU 900032594, and APLU 900032505 to which Plaintiffs agreed to be and is bound. Any shortage, loss or damage to the shipment, which APL specifically denies, was due to causes for which APL was not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act ("COGSA"), *reprinted in* note following 46 U.S.C. §

30701, (formerly 46 U.S.C. § 1301 *et seq.*), and/or the Harter Act, 46 U.S.C. §§ 30702-30707 (formerly 46 U.S.C. App. § 190 *et seq.,*) and/or the applicable APL tariffs and/or provisions of the APL bills of lading and/or the general maritime law of the United States.

### FIFTH AFFIRMATIVE DEFENSE

28.   APL alleges, by way of an affirmative defense, that any damage sustained or to be asserted by Plaintiffs, which APL specifically denies, was a result of the negligence or recklessness of either Plaintiffs and/or other parties over which APL had no control and/or for which APL cannot be held liable.

### SIXTH AFFIRMATIVE DEFENSE

29.   If, which is denied, APL is found liable for any loss or damage to the cargo in question, Plaintiffs' right to recovery from APL must be denied for AVSA's failure to mitigate its damages.  46 U.S.C. App. § 1304.

### SEVENTH AFFIRMATIVE DEFENSE

30.   APL alleges, by way of an affirmative defense, that Plaintiffs' claims are barred as they have assumed all risks inherent in said shipment.

## PRAYER FOR RELIEF

WHEREFORE, APL respectfully requests:

1. The Complaint against APL be dismissed with prejudice and that judgment be entered in favor of APL; and,

2. For such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         July 25, 2008

                                  HOLLAND & KNIGHT LLP

                                  By: _____
                                        James H. Hohenstein
                                        Lissa D. Schaupp
                                        HOLLAND & KNIGHT LLP
                                        195 Broadway
                                        New York, New York 10007
                                        Telephone: 212-513-3200
                                        Telefax: 212-385-9010
                                        E-mail: jim.hohenstein@hklaw.com
                                                      lissa.schaupp@hklaw.com

                                  Attorneys for Defendant,
                                  *American President Lines, Ltd.*

TO:

Martin F. Casey
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
*Attorneys for Plaintiff*

# 5494971_v1